[Cite as *State v. Hodges*, 2022-Ohio-3535.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. Earle E. Wise, Jr., P.J. |
| Plaintiff-Appellee | Hon. John W. Wise, J.<br>Hon. Craig R. Baldwin, J. |
| -vs- | |
| | Case No. 2022 CA 00012 |
| JASON HODGES | |
| Defendant-Appellee | O P I N I O N |


CHARACTER OF PROCEEDING:    Criminal Appeal from the Court of Common Pleas, Case Nos. 21 TRC 08418 and 21 CRB 01296


JUDGMENT:    Affirmed


DATE OF JUDGMENT ENTRY:    September 30, 2022


APPEARANCES:

For Plaintiff-Appellee

J. MICHAEL KING
ASSISTANT LAW DIRECTOR
40 West Main Street, Fourth Floor
Newark, Ohio 43055

For Defendant-Appellant

ROBERT E. CALESARIC
35 South Park Place
Suite 150
Newark, Ohio 43055

*Wise, John, J.*

{¶1}   Appellant, Jason Hodges, appeals the judgment of the Licking County Court of Common Pleas denying the motion to suppress evidence. Appellee is the State of Ohio. The relevant facts leading to this appeal are as follows.

### STATEMENT OF THE FACTS AND CASE

{¶2}   On September 11, 2021, Appellant was arrested and charged with OVI in violation of R.C. §4511.19(A)(1)(a) and (d).

{¶3}   On September 30, 2021, Appellant filed a Motion to Suppress.

{¶4}   On November 18, 2021, the trial court held a hearing on the Motion to Suppress.

{¶5}   First, Trooper Maust testified he observed Appellant driving a vehicle going fifty-eight miles per hour in an area with a posted speed limit of forty-five miles per hour. Trooper Maust admitted he did not observe any signs of impaired driving before initiating the traffic stop.

{¶6}   During the stop, Trooper Maust noticed Appellant had blood-shot eyes, and there was a strong odor of alcohol coming from Appellant's breath. When speaking with the driver, the driver indicated to Trooper Maust that he had consumed six beers earlier in the day. Trooper Maust also noted there were three other passengers in the car, one being an eleven-year-old girl. An open package of beer in a cooler was in the backseat.

{¶7}   Trooper Maust then had Appellant exit the vehicle to perform field sobriety tests.

{¶8}   The trial court overruled Appellant's motion to suppress finding the vehicle stop was proper and Trooper Maust did not impermissibly extend the stop.

{¶9} Appellant subsequently pled no contest to OVI.

**ASSIGNMENT OF ERROR**

{¶10} Appellant filed a timely notice of appeal. He herein raises the following Assignment of Error:

{¶11} "I. THE TRIAL COURT ERRED IN NOT GRANTING DEFENDANT'S MOTION TO SUPPRESS BECAUSE THE TROOPER DID NOT HAVE REASONABLE ARTICULABLE SUSPICION TO EXTEND THE DETENTION TO PERFORM FIELD SOBRIETY TESTS."

**I.**

{¶12} In Appellant's sole Assignment of Error, Appellant argues the trial court erred in finding that Trooper Maust impermissibly extended the stop by performing field sobriety tests without reasonable articulable suspicion that Appellant was driving under the influence of alcohol. We disagree.

{¶13} The Fourth Amendment to the United States Constitution and Section 14, Article I, Ohio Constitution, prohibit the government from conducting unreasonable searches and seizures of persons or their property. *See Terry v. Ohio* (1968), 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889; *State v. Andrews* (1991), 57 Ohio St.3d 86, 87, 565 N.E.2d 1271.

{¶14} Appellate review of a motion to suppress is a mixed question of law and fact. *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, 797 N.E.2d 71, ¶8. During a suppression hearing, the trial court assumes the role of trier of fact and, as such, is in the best position to resolve questions of fact and to evaluate witness credibility. *State v. Brooks*, 75 Ohio St.3d 148, 154, 1996-Ohio-134, 661 N.E.2d 1030. A reviewing court is

bound to accept the trial court's findings of fact if they are supported by competent, credible evidence. *State v. Medcalf*, 111 Ohio App.3d 142,145, 675 N.E.2d 1268 (4th Dist.1996). Accepting these facts as true, the appellate court must independently determine as a matter of law, without deference to the trial court's conclusions, whether the trial court's decision meets the applicable legal standard. *State v. Williams*, 86 Ohio App.3d 37, 41, 619 N.E.2d 1141 (4th Dist.1993), *overruled on other grounds*, *State v. Gunther*, 4th Dist. Pickaway No. 04CA25, 2005-Ohio-3492, ¶16.

{¶15} Three methods exist to challenge a trial court's ruling on a motion to suppress. First, appellant may challenge the trial court's findings of facts. *State v. Fanning*, 1 Ohio St.3d 19, 20, 437 N.E.2d 583 (1982). Second, appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. In that case, the appellate court can reverse the trial court for committing an error of law. *Williams* at 41. Third, appellant may argue the trial court incorrectly decided the ultimate issue raised in the motion to suppress. When addressing the third type of challenge, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in the given case (Citation omitted). *State v. Curry*, 95 Ohio App.3d 93, 96, 641 N.E.2d 1172 (8th Dist.1994).

> When a police officer's objective *justification* to continue detention of a person stopped for a traffic violation for the purpose of searching the person's vehicle is not related to the purpose of the original stop, and when that continued detention is not based on any articulable facts giving rise to a suspicion of some illegal activity justifying an extension of the detention,

the continued detention to conduct a search constitutes an illegal seizure.

*State v. Robinette*, 80 Ohio St.3d 234, 240, 685 N.E.2d 762, 767 (1997).

**{¶16}** A police officer may perform field sobriety tests after the officer stopped the vehicle for a minor traffic offense, when "the request is separately justified by a reasonable suspicion based upon articulable facts that the motorist is intoxicated." *Parma Hts. v. Dedejczyk*, 8th Dist. Cuyahoga No. 97664, 2012-Ohio-3458, ¶29, citing *State v. Evans*, 127 Ohio App.3d 56, 62, 711 N.E.2d 761 (11th Dist. 1998). When evaluating the reasonableness for the field sobriety tests, a reviewing court considers "the totality of the circumstances, viewed through the eyes of a reasonable and prudent police officer on the scene who must react to events as they unfold." *Dedejczyk* at ¶29, citing *State v. Dye*, 11th Dist. Portage No. 2001-P-0140, 2002-Ohio-7158, ¶18.

**{¶17}** In *Evans*, the Eleventh District Court of Appeals enumerated a nonexhaustive list of factors that courts may consider in evaluating whether an officer had reasonable suspicion to administer field sobriety tests under the totality of circumstances:

(1)     The time of day of the stop (Friday or Saturday night as opposed to, e.g., Tuesday morning);

(2)     The location of the stop (whether near establishments selling alcohol);

(3)     Any indicia of erratic driving before the stop that may indicate a lack of coordination (speeding, weaving, unusual braking, etc.);

(4)     Whether there is a cognizable report that the driver may be intoxicated;

(5)      The condition of the suspect's eyes (bloodshot, glassy, glazed, etc.);

(6)      Impairments of the suspect's ability to speak (slurred speech, overly deliberate speech, etc.);

(7)      The odor of alcohol coming from the interior of the car, or, more significantly, on the suspect's person or breath;

(8)      The intensity of that odor, as described by the officer ("very strong," "strong," "moderate," "slight," etc.);

(9)      The suspect's demeanor (belligerent, uncooperative, etc.);

(10)      Any actions by the suspect after the stop that might indicate a lack of coordination (dropping keys, falling over, fumbling for a wallet, etc.); and

(11)      The suspect's admission of alcohol consumption, the number of drinks had, and the amount of time in which they were consumed, if given.

*Evans* at 63, 711 N.E.761, fn. 2. "All of these factors, together with the officer's previous experience in dealing with drunken drivers, may be taken into account by a reviewing court in determining whether the officer acted reasonably." *Id.*

**{¶18}** In the case *sub judice*, the traffic stop occurred at 11:44 p.m. on a Saturday night. Upon approaching the vehicle and speaking with Appellant, Trooper Maust notice Appellant had glassy, bloodshot eyes, and a strong odor of alcohol on his breath. Appellant admitted to drinking six beers earlier in the day. Viewing the totality of the

circumstances through the eyes of a reasonable and prudent police officer, the trooper had a reasonable suspicion that Appellant was driving while intoxicated and was justified in conducting field sobriety tests.

{¶19} Accordingly, Appellant's sole assignment of error is overruled.

{¶20} For the foregoing reasons, the judgments of the Court of Common Pleas of Licking County, Ohio, are hereby affirmed.

By: Wise, John, J.

Wise, Earle, P. J., and

Baldwin, J., concur.

JWW/br 0929